IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MARIA LINA CARO, §
§
Plaintiff, §
§
v. § NO. EP-14-CV-212-MAT
§
CAROLYN W. COLVIN, §
ACTING COMMISSIONER OF THE §
SOCIAL SECURITY ADMINISTRATION, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Maria Lina Caro ("Caro") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment. 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

### I. PROCEDURAL HISTORY

Caro worked for Old El Paso for approximately twenty years packing chili into gallon cans and stacking boxes, and later for Sam's Club as a products demonstrator and in the clothing department. (R. 32).[1] She was sixty-two years old at the time of her hearing before the

---

[1] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

1

Administrative Law Judge ("ALJ"). (R. 32). Caro filed an application for DIB on November 28, 2011, in which she alleged disability beginning January 5, 2010,[2] due to arthritis, high blood pressure, a thyroid disorder, high cholesterol, back pain, and shingles. (R. 131-35, 151). After her application was denied initially and upon reconsideration, Caro requested a hearing. (R. 58-68). On December 11, 2012, she appeared with her attorney for a videoconference hearing before the ALJ. (R. 29-51). On February 12, 2013, the ALJ issued a written decision denying benefits on the ground that Caro is able to perform past relevant work. (R. 16-23). On April 9, 2014, the Appeals Council denied Caro's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-5).

Caro argues that: (1) the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence; and (2) the ALJ committed an error by failing to directly address Caro's obesity.

## II.     DISCUSSION

A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is

---

[2] Caro's attorney moved to have the onset date amended to January 1, 2011, during the hearing. (R. 38).

a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. ANALYSIS OF CARO'S CLAIMS

1. *RFC is Supported by Substantial Evidence*

RFC is defined as the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545. The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite any physical and mental limitations. 20 C.F.R. § 404.1545. The ALJ must consider the limiting effects of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1545, 404.1529. However, a claimant's own subjective complaints, without supporting objective medical evidence, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529. The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record. *See Morris*

*v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

The ALJ determined that Caro had the RFC to perform light work with the following limitations: (1) she can occasionally stoop, kneel, crouch, or crawl; (2) she can frequently finger and feel. (R. 20). Caro argues that she is unable to perform the standing/walking requirements of light work. (ECF. No. 23, at 4); *see* SSR 83-10, 1983 WL 31251, at *6 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). In support of her argument, Caro repeatedly references her medical records, including: (1) an October 2010 physical examination and Magnetic Resonance Imaging ("MRI") showing issues with Caro's spine; (2) a January 2011 physical examination; (3) a June 2011 physical examination in which Caro complained of cramping and numbness in her legs; (4) a January 2012 physical examination in which Caro complained of right knee swelling and an X-ray showing a prominent spur in the suprapatellar region; and (5) a January 23, 2012, consultative examination by Onyema Amakiri, D.O., and several X-rays. (ECF No. 23, at 4-5).

As an initial matter, the Court notes that the ALJ discussed and appropriately considered all of the aforementioned medical evidence. (R. 21). Moreover, none of the medical findings in the records of those physical examinations contradict the ALJ's determination that Caro had the RFC to perform a limited range of light work, with no exceptions needed for the standing and walking requirements. (R. 238-39, 241, 252, 260-62, 280, 293-94). Finally, mere recitations of Caro's claims about her physical limitations are insufficient to establish the ALJ erred in her RFC determination. The Court can only conclude that Caro is requesting a reweighing of the evidence, which is not permitted.

Several findings by medical experts support the ALJ's RFC determination. Dr. Amakiri

opined that Caro "has no limitations with . . . moving about, standing and sitting." (R. 294). Moreover, a state agency medical expert, Samara Turner, M.D., reviewed Caro's medical history and concluded that she can stand or walk for about 6 hours in an 8-hour work day, and noted that Caro's self-described limitations are not fully supported by medical evidence. (R. 298-305). A second state agency medical expert, Kelvin Samaratunga, M.D., affirmed Dr. Turner's opinion regarding Caro's functional abilities. (R. 316). Thus, the Court concludes that the ALJ's determination of Caro's RFC is supported by substantial evidence in the record.

### 2. *The ALJ Committed a Harmless Error by not Addressing Caro's Obesity*

Caro argues that the ALJ erred in failing to consider her obesity when determining her RFC. (ECF No. 23, at 7). Social Security Ruling 02-1P instructs an ALJ to consider the effects of obesity when determining a claimant's RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1P, 2002 WL 34686281, at *1. The ALJ cannot "make assumptions about the severity or functional effects of obesity combined with other impairments," but instead must individually assess each case based on the medical evidence in the record. *Id.* at *6. There is no requirement for procedural perfection in administrative proceedings, and courts will not vacate a judgment unless a party's substantial rights have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Generally, the burden of showing that an error is harmful rests with the party challenging the agency's determination. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Although the ALJ did not directly address Caro's obesity, Caro has failed to show that omission was harmful. The ALJ stated that she considered all symptoms of Caro's impairments,

5

including her high blood pressure, thyroid condition, cholesterol, back problems, shingles, and severe pain in her knees, hips, hands, fingers, feet, and lower back. (R. 20). The symptoms of those impairments are such that they may be aggravated or even caused by Caro's obesity, and thus the ALJ effectively addressed the impact of Caro's obesity on her ability to work. *See Hobbs v. Astrue*, 627 F. Supp. 2d 719, 727 (W.D. La. 2009) (finding that even though the ALJ did not mention claimant's obesity or evaluate the impact of her obesity on her ability to work, he "did, in effect, consider the impact of [claimant's] obesity on her ability to work when he considered the impact of the physical symptoms caused or aggravated by her obesity."); *see also Sanchez v. Colvin*, No. EP-13-CV-0330-LS, 2016 WL 2625286, at *6 (W.D. Tex. May 5, 2016) (finding that although the ALJ did not specifically address the presence of obesity in his decision, by "considering the symptoms of Plaintiff's other impairments, all of which may be aggravated by her obesity, the ALJ's RFC determination, in effect, considered the impact of Plaintiff's obesity on her ability to work."). Moreover, the ALJ relied on Dr. Amakiri's medical findings, who did consider Caro's obesity. (R. 21, 293). Finally, there is no objective medical evidence in the record indicating that Caro's obesity curbs her functioning beyond the limitations imposed by her other impairments. Thus, the Court finds that the ALJ's failure to directly address Caro's obesity was harmless error.

### III. CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

**SIGNED** and **ENTERED** this ___14th___ day of February, 2017.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE